UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARCY GAGNON,
                          Plaintiff,

v.                                          8:09-CV-1411
                                          (GTS/DRH)
ESSEX COUNTY CPS UNIT; JUDGE MYER,
Essex County Family Court; ESSEX COUNTY
DEPT. OF SOC. SERV., Child Support Unit;
HEATHER BAWCLA, Social Worker; and
DONNA HAZELY, Social Worker,
                                Defendants.
_____

APPEARANCES:                                      OF COUNSEL:

MARCY GAGNON-PRINTY
  Plaintiff, *Pro Se*
1705 Front Street
Keesville, NY 12944

TOWNE, RYAN & PARTNERS, P.C.             AMANDA R. STERN, ESQ.
  Counsel for County Defendants               CLAUDIA A. RYAN, ESQ.
450 New Karner Road
P.O. Box 15072
Albany, NY 12205

HON. ANDREW M. CUOMO                     BRUCE J. BOIVIN, ESQ.
Attorney General for State of New York         Assistant Attorney General
  Counsel for Defendant Myer
The Capitol
Albany, NY 12224

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court in this *pro se* civil rights action filed by Marcy Gagnon ("Plaintiff") against two county departments, two county social workers, and a state court judge ("Defendants") is the County Defendants' letter-motion requesting that, if the Court deems as sufficient Plaintiff's filing of March 25, 2010, the Court provide a deadline for service of the

County Defendants' Answer. (Dkt. No. 24.) The County Defendants' letter-motion is denied as moot, and the Clerk's Office is directed to issue a judgement for Defendants and close this action.

The County Defendants are correct that Plaintiff's filing of March 25, 2010–consisting of a one-page document entitled "Addendum Response to U.S. District Court's Motion"–does not constitute a sufficient Amended Complaint that states a claim upon which relief can be granted, as required by the Court's Decision and Order of February 9, 2010. The Court reaches this conclusion for two alternative reasons.

First, Plaintiff's "Addendum Response" does not constitute a complete pleading that replaces her original Complaint in its entirety, in violation of Local Rule 7.1(a)(4) of the Local Rules of Practice for this Court. (*See* Dkt. No. 23.) As the Court observed in its Decision and Order of February 9, 2010, although *pro se* litigants should be afforded special solicitude, that solicitude is not without limits; and even *pro se* litigants must follow the Court's procedural rules. (Dkt. No. 21, at 6.) The Court notes that, here, Plaintiff has indeed been afforded special solicitude in that she was given a generous opportunity to amend her Complaint. Furthermore, she was given adequate notice of the requirements of Local Rule 7.1(a)(4).[1]

Second, even if the Court were to look past the formal defects in Plaintiff's "Addendum Response," the Court could not look past the substantive defects in the claims asserted therein, which defects include the second through seventh defects identified on pages 7 and 8 of the

---

[1] For example, on December 22, 2009, she was sent a copy of the District's *Pro Se* Handbook (which, on page 39, repeats the requirement that proposed amended complaints be complete pleadings). (*See* Docket Sheet Entry dated Dec. 22, 2009.) Moreover, the Local Rules of Practice were, during the relevant time period, available to Plaintiff for free on the Court's website. Finally, assistance to *pro se* litigants by a qualified attorney was, during the relevant time period, available to Plaintiff for free from the *Pro Se* Assistance Program, offered by the Northern District of New York Federal Court Bar Association.

Court's Decision and Order of February 9, 2010 (involving, among other things, principles of absolute immunity, qualified immunity, limited municipal liability, and limited federal court jurisdiction over domestic relations matters). (*Compare* Dkt. No. 21, at 7-8 *with* Dkt. No. 23.)[2]

With regard to these defects, the Court would add the following observations. Plaintiff has not alleged facts plausibly suggesting that anyone (let alone Defendants Bawcla and Hazely) acted with either intent or criminal recklessness in falsely charging her with, and/or maliciously prosecuted her for, child neglect; and mere *negligence* is not actionable under 42 U.S.C. § 1983.[3] Moreover, persons with "mental challenges [due to] being Bi-Polar" are not members of a

---

[2] Because the defects in Plaintiffs' claims are not merely formal but are substantive in nature, the Court finds that affording Plaintiff an opportunity to file a *Second* Amended Complaint would be futile. *See Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir.1993) ("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend.") (citations omitted), *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) ("[T]he court need not grant leave to amend where it appears that amendment would prove to be unproductive or futile.") (citation omitted); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (denial not abuse of discretion where amendment would be futile); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with Cuoco's causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied.") (citation omitted).

[3] *See, e.g., Daniels v. Williams*, 474 U.S. 327, 331-33 (1986) (stating that "injuries inflicted by governmental negligence are not addressed by the United States Constitution" and rejecting § 1983 claim based on alleged due process violation under Fourteenth Amendment); *Hudson v. Palmer*, 486 U.S. 517, 531 (1984) ("[T]he Due Process Clause of the Fourteenth Amendment is not violated when a state employee negligently deprives an individual of property . . . ."); *Pena v. Deprisco*, 432 F.3d 98, 112 (2d Cir. 2005) ("In order to establish a violation of a right to substantive due process, a plaintiff must demonstrate not only government action but also that the government action was 'so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.' . . . [T]he Fourteenth Amendment is not a 'font of tort law.' . . . It does not provide a comprehensive scheme for determining the propriety of official conduct or render all official misconduct actionable. . . . '[N]egligently inflicted harm is categorically beneath the threshold of constitutional due process.'") [citations omitted].

suspect class for purposes of the Equal Protection Clause of the Fourteenth Amendment;[4] and the alleged classification would survive the resulting scrutiny ("rational basis scrutiny") because that alleged classification is rationally related to a legitimate state interest, specifically, protecting children from neglect.[5] Furthermore, setting aside the fact that deciding Plaintiff's claims would embroil this Court in reexamining the merits of disputes traditionally (and best) left to state courts,[6] Plaintiff has not alleged facts plausibly suggesting that the New York state appellate courts are not fora available to her for a full and fair adjudication of her claims.[7] Finally, the Court declines to exercise supplemental jurisdiction over Plaintiff's pendent state law claims.

**ACCORDINGLY**, it is

**ORDERED** that the County Defendants' letter-motion requesting that the Court provide a deadline for service of their Answer (Dkt. No. 24) is **DENIED as moot**; and it is further

---

[4] *See, e.g., Selah v. Goord*, 04-CV-3273, 2006 U.S. Dist. LEXIS 51051, at *21 (S.D.N.Y. July 24, 2006) ("Neither sex offenders nor the mentally ill are a suspect class warranting heightened [or strict] equal protection scrutiny.") [citations omitted]; *Holley v. Carey*, 04-CV-2708, 2007 U.S. Dist. LEXIS 64699, at *23 (E.D. Cal. Aug. 31, 2007) ("[N]either prisoners nor persons with mental handicaps are a suspect class entitled to heightened scrutiny.") [citations omitted].

[5] *See Kia P. v. McIntyre*, 235 F.3d 749, 759 (2d Cir. 2000) (noting "the state's compelling interest in protecting children from abuse and neglect") (emphasis added), *Martin v. Saint Mary's Dep't of Soc. Servs.*, 346 F.3d 502, 506 (4th Cir. 2003) ("A state has a legitimate interest in protecting children from neglect and abuse and in investigating situations that may give rise to such neglect and abuse.") (emphasis added).

[6] (*See* Dkt. No. 21, at 7-8, n.10 [collecting cases].)

[7] *See Puletti v. Patel*, 05-CV-2293, 2006 WL 2010809, at *4 (E.D.N.Y. July 14, 2006) (dismissing plaintiff's complaint for lack of subject-matter jurisdiction because, in part, "Plaintiff has made no showing as to why the New York state appellate courts are not available fora for Plaintiff for a full and fair adjudication of his [constitutional] claims [arising from child custody proceedings].").

**ORDERED** that the Clerk's Office shall issue a judgment for Defendants and close this action.

The Court hereby certifies, for purposes of 28 U.S.C. § 1915(a)(3), that any appeal taken from this Decision and Order would not be taken in good faith.

Dated: March 19, 2010
      Syracuse, New York

_____
Hon. Glenn T. Suddaby
U.S. District Judge